# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. James B. Clark, III |
| v. | : Magistrate No. 20-12021 (JBC) |
| LUIS ORLANDO ESPINOZA, a/k/a "Luis Espinoza" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
February 19, 2020 at Newark, New Jersey

HONORABLE JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE        _____
                                        Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after April 15, 2010, and on or before December 30, 2019, in Hudson County, in the District of New Jersey, and elsewhere, the defendant,

LUIS ORLANDO ESPINOZA,
a/k/a "Luis Espinoza,"

being an alien, and on or about June 18, 2012, having been convicted in the Superior Court of New Jersey, Hudson County, of Aggravated Assault, in the Third Degree, in violation of Section 2C:12-1(b)(7) of the New Jersey Code of Criminal Justice, a felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

## ATTACHMENT B

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, LUIS ORLANDO ESPINOZA, a/k/a "Luis Espinoza" (the "Defendant"), is a citizen of Honduras, and he neither is a citizen nor a national of the United States.

2. On or about November 17, 2004, the Defendant was ordered removed from the United States to Honduras by an Immigration Judge sitting in Newark, New Jersey.

3. On or about April 15, 2010, the Defendant was removed from the United States to Honduras.

4. At some point after his April 15, 2010 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

5. On or about November 23, 2011, the Defendant was arrested by the Union City Police Department in New Jersey, for committing various offenses, including but not limited to, Aggravated Assault, in the Second Degree, in violation of Section 2C:12-1(b)(1) of the New Jersey Code of Criminal Justice.

6. On or about June 18, 2012, the Defendant pled guilty in the Superior Court of New Jersey, Hudson County, to Aggravated Assault – Bodily Injury, in the Third Degree, in violation of Section 2C:12-1(b)(7) of the New Jersey Code of Criminal Justice and was subsequently sentenced to approximately two hundred fifty-three days' imprisonment, the circumstance of which offense constitutes a felony.

7. On or about August 24, 2012, the Defendant was removed from the United States to Honduras.

8. At some point after his August 24, 2012 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

9. On or about June 30, 2014, the Defendant was arrested by ICE in Texas.

10. On or about July 28, 2014, the Defendant was removed from the United States to Honduras. Shortly before his removal from the United States on or about July 28, 2014, an official from ICE took a fingerprint from the Defendant.

11. At some point after his July 28, 2014 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

12. On or about December 29, 2019, the Defendant was arrested by the Jersey City Police Department in New Jersey, for Burglary, in violation of Section 2C:18-2 of the New Jersey Code of Criminal Justice.

13. On or about December 30, 2019, the Defendant entered into the custody of ICE in New Jersey.

14. A fingerprint taken from the Defendant pursuant to his 2011 arrest was compared to his July 28, 2014 deportation record and the December 30, 2019 fingerprint that was taken after he entered ICE's custody. All the fingerprints were found to be identical.

15. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.